# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 14-CR-69-JDL |
| | ) | |
| ROMELLY DASTINOT, et al. | ) | |

## SPEEDY TRIAL ORDER

This matter comes before the Court upon a Joint Motion to Extend Time and Speedy Trial Waiver, filed by Romelly Dastinot and the Government (Docket entry # 172). The motion seeks a new motions deadline of August 29, 2014 and to continue the case to the November 3, 2014, trial list. These extensions, if granted, will have the effect of extending the motions deadline and trial list dates by approximately 90 days.

### I. Background

Romelly Dastinot is charged in counts One and Five of a multi-count indictment with conspiracy to distribute and possess with intent to distribute controlled substances including 100 or more grams of heroin and 28 grams or more of cocaine base, and with possession with intent to distribute oxycodone. To date, thirteen defendants have been arrested and appeared before the Court as a result of the indictment. The case is scheduled for the August 4, 2014, trial list as a consequence of the date of the arraignment of codefendant Mackendy Thenor. (Docket entry # 244).

The discovery in this case is voluminous, not just in terms of the number of reports, but also in the audio aspect of the evidence. To date, the Government has produced more than 12,000 audio files, more than 10,000 pages of call summaries, more than 400 pages of wiretap authorization materials, and more than 2000 pages of additional Rule 16 materials. A substantial number of the audio intercepts in this case are in Haitian Creole.

The Government intends to produce by June 27, 2014, additional wiretap materials including calls and line sheets filtered by the telephone numbers believed to

1

be used by each defendant. Although a time intensive process, the calls and line sheets are intended to facilitate review of the materials by counsel. By June 27, 2014, the Government also intends to produce additional Rule 16 discovery in the Government's possession. Given the volume of discovery, and the time consuming nature of listening to wire intercepts and reviewing calls and line sheets, defense counsel will need additional time after the production of the discovery to review the discovery materials, to meet and consult with the defendants, and to conduct investigations. Only then will defense counsel be in a position to determine what, if any, pretrial motions might be filed. Following the filing of motions, defendants' counsel will likely need additional time to consider the government's responses to the motions, confer with their clients, and complete their investigations.

As represented in the joint motion, Defendant Dastinot waives his Speedy Trial rights for the period from the filing of the joint motion, May 29, 2014, through anticipated jury selection on November 3, 2014. The joint motion also represents that codefendants Richard McKenzie, Carrie Buntrock, and Jacques Victor join in the motion and waive their speedy trial rights for the relevant period.

By an Order dated June 3, 2014, the Court ordered that the remaining defendants file their responses to the joint motion on or before June 9, 2014. All of the remaining codefendants, except for defendant Dimitry Gordon, responded that they join in the motion and waive their speedy trial rights for the relevant period.

A hearing was held on the joint motion on June 18, 2014, at which AUSA David Joyce appeared for the Government, and Defendant Dimitry Gordon was present and represented by Attorney Edward MacColl. Defendant Gordon objects to the joint motion citing the fact that he is detained involuntarily and that his detention will be extended if the joint motion is granted. He requests that the court either extend the motion deadline without tolling the speedy trial clock unless and until additional motions are filed, or order his trial severed from the remaining codefendants.

Gordon also contends that at least one of these alternative remedies is required in order to preserve his Sixth Amendment right to a speedy trial. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972). The Court will evaluate the parties' arguments in relation to (A) the Speedy Trial Act's ends of justice clause, (B) the Speedy Trial Act's codefendant clause, and (C) the Sixth Amendment.

## II. Analysis

A. <u>Ends of Justice</u>

The Speedy Trial Act provides the period of delay resulting from a continuance is excluded in computing the time within which the trial must commence where there is a finding that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Here, the ends of justice served by the requested continuance and exclusion of time outweigh the interest of the defendants and the public in a speedy trial because of the unusual and complex nature of this case. The indictment includes a conspiracy count and names multiple codefendants, has resulted in voluminous discovery including Title III wire intercepts, many of which are in Haitian Creole, and the evidence will relate to a criminal investigation that spanned three years. See 18 U.S.C § 3161(h)(7)(B)(ii). Affording the defendants sufficient time to fully investigate the case facts will focus the motions that may be required and will ultimately save resources and promote a faster disposition of the charges than might otherwise occur. All but one of the defendants' counsel have, by their agreement to the motion, indicated that the extensions are necessary for them to adequately prepare for pretrial proceedings or for the trial itself, *see* 18 U.S.C § 3161(h)(7)(B)(ii), a position which the Government joins. The proposed extension of the motions deadline and trial list are reasonable given the preparation that must be undertaken to ready this case for trial.

After careful consideration of the factors set forth in Title 18 U.S.C. § 3161(h)(7)(B), the Court finds that the ends of justice advanced by the proposed continuance outweigh the interests of the public and of the defendants in a speedy trial and that the days resulting from the granting of the continuance should be excluded in computing the time within which the trial must commence. *See United States v. Maryea*, 704 F.3d 55, 64 (1st Cir. 2013).

    B.    <u>Codefendant Clause</u>

The Speedy Trial Act, 18 U.S.C. § 3161(h)(6), also authorizes the court to enlarge time periods and exclude from calculation the time period "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Here, there is no basis to conclude that the continuance sought by the joint motion will interfere with Gordon's preparation of his defense or will otherwise prejudice his case. Nor is there any apparent justification to sever Gordon's trial from the trial of the other defendants. The fact that Gordon is in custody does not, without more, constitute prejudice that would support a severance. The delay sought by the joint motion is reasonable and necessary for the reasons previously explained. Accordingly, the continuance is also in keeping with and supported by the Speedy Trial Act's codefendant clause.

    C.    <u>Sixth Amendment</u>

Gordon also contends that the continuance sought by the joint motion raises "constitutional concerns" under the Sixth Amendment because it will prolong his pretrial detention. Because the proposed continuance produces a trial date that is approximately six months from the date of Gordon's arrest, and mindful of the complexity of the case, the Court concludes that Gordon's Sixth Amendment right to a speedy trial will not be infringed by the continuance. *See United States v. Maxwell*, 351 F.3d 35, 40 (1st Cir. 2003); *United States v. Colombo*, 852 F.2d 19, 24 (1st Cir. 1988) (recognizing that the length of the delay is "both the trigger for analysis and of the factors to be considered.").

4

**IT IS HEREBY ORDERED THAT:**

1. The joint motion is hereby **GRANTED**. The motion deadline is extended through August 29, 2014, and trial is continued to the November 3, 2014 trial list for all defendants.

2. The time period from and including May 29, 2014 through November 3, 2014 is hereby excluded from calculation under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*.

    **SO ORDERED.**

Date: June 20, 2014                                                       /s/ Jon D. Levy
                                                                                U.S. District Judge