UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Crim. No. 2:14-cr-69-JDL-5 |
| DIMITRY GORDON, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT DIMITRY GORDON'S MOTIONS TO DISMISS AND MOTION FOR A BILL OF PARTICULARS**

Dimitry Gordon has filed three motions: a Motion to Dismiss Counts One and Eight of the Second Superseding Indictment[1] (ECF No. 457); a Motion to Dismiss the First Superseding Indictment as Untimely (ECF No. 474); and a Motion for Permission to Request and to Receive Bills of Particulars (ECF No. 661). For the reasons explained below, I deny the motions.

**I. Motion to Dismiss Counts One and Eight of the Second Superseding Indictment (ECF No. 457)**

On December 9, 2014, a federal grand jury returned a Second Superseding Indictment against Gordon and nine co-defendants.[2] ECF No. 531. Count One of the Second Superseding Indictment charges that Gordon conspired with at least five co-defendants to distribute and possess with intent to distribute various controlled

---

[1] Gordon originally moved to dismiss Counts One and Ten of the First Superseding Indictment. ECF No. 457. However, at the hearing on the motion to dismiss held on January 28, 2015, defense counsel acknowledged that Gordon's motion is now properly construed as addressing Counts One and Eight of the Second Superseding Indictment, and that the portions of the motion addressing the aiding and abetting charges are moot.

[2] The names of two additional co-defendants, whose names were redacted from the Second Superseding Indictment, have since been unsealed.

substances, including heroin, cocaine, and oxycodone, all in violation of 21 U.S.C.A. §§ 841(a)(1) and 846. ECF No. 531 at 1-2. Count One further alleges that the conspiracy took place in the District of Maine over a period of approximately 24 months, i.e., "not later than early 2012, and continuing until May 2014." *Id.* at 1.

Count Eight of the Second Superseding Indictment ("Count Eight") charges that Gordon conspired with two co-defendants to launder money by engaging in transactions that "were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds" of unlawful activity, in violation of 18 U.S.C.A. §§ 1956(a)(1)(B)(i) and 1956(h). *Id.* at 5-7. Count Eight further alleges that the money laundering conspiracy took place in the District of Maine over a four-month period, "[b]etween about January 2014 and May 8, 2014[.]" *Id.* at 5.

## A. Count One – Drug Distribution Conspiracy

Gordon argues that Count One is insufficiently definite because it lacks specific information about where the conspiracy took place, lacks a "meaningful description of [the] overall agreement," and states approximate time frames that are impermissibly open-ended (i.e., "not later than early 2012, and continuing until May 2014"). ECF No. 457 at 6-7 (citing *United States v. Cecil,* 608 F.2d 1294, 1296-97 (9th Cir. 1979); *Russell v. United States,* 369 U.S. 749, 770 (1962)).

"An indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the

same offense." *United States v. Sedlak*, 720 F.2d 715, 719 (1st Cir. 1983) (citing *Hamling v. United States,* 418 U.S. 87, 117 (1974)). "The indictment or information must be a plain, concise and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling*, 418 U.S. at 117 (citation and internal quotation marks omitted).

This court has previously denied motions to dismiss conspiracy indictments where those indictments did not "pinpoint a more exact location than the District of Maine, or set forth definite times within which the conspiracy was alleged to occur." *United States v. Young*, 2014 U.S. Dist. LEXIS 122221, at *42 (D. Me. Sept. 1, 2014); *United States v. Sturmer*, 2013 U.S. Dist. LEXIS 54798, at *2-3 (D. Me. Apr. 16, 2013) (declining to dismiss an indictment that specified a 13-month time frame and which named nine co-conspirators as "clearly reflect[ing] a 'plain, concise and definite written statement of the essential facts constituting the offense.'") (quoting Fed. R. Crim. P. 7(c)(1)). *See also, United States v. Worthy*, 842 F. Supp. 2d 396, 398-99 (D. Me. 2012) ("the law is clear that it is sufficient for the indictment to allege approximate time parameters[.]"). The indictment at issue here is no less definite than those considered in *Young*, *Sturmer*, and *Worthy*.

Furthermore, Gordon's reliance on *Cecil*, 608 F.2d at 1297, to challenge the Government's use of an approximate time frame overlooks the fact that the Ninth Circuit later clarified its holding and stated that an open-ended indictment "does not automatically render an indictment insufficient." *United States v. Mbugua*, 2010 WL 4024801, at *4 (D. Me. Oct. 13, 2010) (quoting *United States v. Miller*, 771 F.2d 1219, 1227 (9th Cir. 1985) (internal punctuation omitted). The First Circuit arrived at the same conclusion in *United States v. Gonzalez*, 915 F.2d 1557, 1990 WL 152337, at *5 (1st Cir. Sept. 11, 1990) (unpublished opinion) (explaining that an open-ended indictment does not render an indictment deficient). *See also, United States v. Paiva*, 892 F.2d 148, 155 (1st Cir. 1989) ("temporal specifications" such as "early 1983" and "the fall of 1983" were sufficiently narrow for defendant to prepare his defense without surprise).

Additionally, Gordon's argument that the level of detail used to describe the conspiracy in Count One violates the standard established in *Russell v. United States*, 369 U.S. at 749, is unpersuasive. In *Russell*, the petitioners were convicted under 2 U.S.C.A. § 192 (1938) for refusing to testify before the House Un-American Activities Committee in 1954, and appealed their convictions to the Supreme Court. *Russell*, 369 U.S. at 751-53 & n.4. Section 192, then and now, makes it a crime to "refuse[ ] to answer any question pertinent to the question under inquiry" by a Congressional committee. 2 U.S.C.A. § 192. The indictments at issue merely stated that the defendants were asked and refused to answer "questions which were pertinent to the question then under inquiry." *Russell*, 369 U.S. at 752 n.4. The Supreme Court held

4

that the grand jury must determine, and its indictment must specify, the congressional committee's questions in order for a person to face a criminal trial for refusing to give testimony pertinent to those questions. *Id.* at 770-71. *Russell* provides little, if any, guidance as to the level of detail required for the criminal conspiracy indictment at issue here.

Because Count One identifies four of at least five alleged co-conspirators, specifies a general time frame during which the conspiracy allegedly occurred, identifies the locus of the crime, and names the three drugs allegedly at the center of the conspiracy, ECF No. 531 at 1-2, it is sufficiently particular and definite to apprise Gordon of the charge against him so as to enable him to prepare his defense. *See Sedlak*, 720 F.2d at 719 (indictment that did not specify the time or place that the defendants became involved in the alleged conspiracy was sufficiently definite and specific). *See also, Young*, 2014 U.S. Dist. LEXIS 122221, at *49-50; *Sturmer*, 2013 U.S. Dist. LEXIS 54798, at *2-3; *Worthy*, 842 F. Supp. 2d at 398-99.

**B.     Count Eight -- Money Laundering Conspiracy**

Gordon makes substantially the same argument with regard to Count Eight, comparing it to the indictment at issue in *United States v. Tomasetta*, 429 F.2d 978 (1st Cir. 1970). ECF No. 457 at 15. Yet, like *Russell* and *Cecil*, *supra*, *Tomasetta* is distinguishable from the circumstances presented here.

In *Tomasetta*, the First Circuit concluded that a loan sharking indictment was impermissibly vague because it alleged that the defendant had, "on or about June 10, 1969, at Worcester," extorted the collection of a debt. *Tomasetta*, 429 F.2d at 979 n.1.

5

The indictment did not specify the name of the victim, how the defendant extorted him, or the location where the alleged crime took place. *Id.* at 979-80. Rather than point to any one factor as determinative, the court held that all of the omissions, taken together, made it too difficult for the defendant to determine exactly what conduct had given rise to a charge of extortion. *Id.* at 980-81. *Tomasetta* "did not, however, establish an inflexible floor of information required for a valid indictment," and the court has since distinguished crimes such as conspiracy to possess and distribute drugs from crimes consisting of "a single transaction" like the one at issue in *Tomasetta*. *United States v. Hallock*, 941 F.2d 36, 40 (1st Cir. 1991).

Gordon also objects to paragraph F of the "manner and means" portion of Count Eight, calling it internally inconsistent and "bizarre" because it alleges that the defendants used laundered money "to purchase additional drugs for further distribution." ECF No. 457 at 16 (citing ECF No. 531 at 7).³ Gordon notes that "drug dealers are not generally worried that money used to buy their drugs might be the proceeds . . . of an earlier drug deal," and speculates that, by including this paragraph in the indictment, the Government intended to suggest that Gordon really engaged in so-called "promotional" money laundering under 18 U.S.C.A. § 1956(a)(1)(A)(i), rather than what is charged in Count Eight, which is "concealment" money laundering under § 1956(a)(1)(B)(i). ECF No. 457 at 16.

---

³ Paragraph F states:

> The deposits of drug proceeds into the bank account concealed the nature, source, ownership, and control of the drug proceeds and the withdrawn proceeds were used to purchase additional illegal drugs for further distribution and generation of additional drug proceeds.

6

Yet Gordon's critique of Paragraph F fails to explain how it makes Count Eight impermissibly vague. Gordon's point is more a challenge to the government's charging decision than a reason to treat the indictment as insufficiently definite. Because Count Eight identifies both of Gordon's alleged co-conspirators, specifies a four-month time frame during which the conspiracy allegedly occurred, identifies the locus of the crime, and sets forth the manner and means by which it was allegedly carried out, it is sufficiently particular and definite to apprise Gordon of the charge against him so as to enable him to prepare his defense. *See Sedlak*, 720 F.2d at 719. *See also, Young*, 2014 U.S. Dist. LEXIS 122221, at *49-50; *Sturmer*, 2013 U.S. Dist. LEXIS 54798, at *2-3; *Worthy*, 842 F. Supp. 2d at 398-99.

**C.    Conclusion**

For the reasons discussed above, Gordon's motion to dismiss the indictment (ECF No. 457) is **DENIED**.

**II. Motion to Dismiss the First Superseding Indictment
as Untimely in Violation of 18 U.S.C.A. § 3161(b) (ECF No. 474)**

Gordon also moves to dismiss the First Superseding Indictment as untimely. ECF No. 474. Approximately one month after Gordon filed the motion, however, the grand jury returned the Second Superseding Indictment. ECF No. 531. The First Superseding Indictment was dismissed shortly thereafter. *See* ECF No. 601. Although Gordon did not amend his motion to dismiss or file a new one in response to these developments, I treat it as applying to the Second Superseding Indictment.

At the hearing held on January 28, 2015, Gordon acknowledged that his motion may properly be dismissed in light of First Circuit authority. Although Gordon did

7

not identify the particular First Circuit case in question, I note that in *United States v. Worthy,* 755 F. Supp. 2d 226, 230 (D. Me. 2010), this court rejected an identical untimeliness argument, stating:

> [T]he First Circuit has made clear that under the Speedy Trial Act, the government can file new charges outside the 30-day limit that are not contained in the original complaint: "the statute says nothing about barring the institution of a new charge for a different offense based on some or all of the underlying transaction."

(quoting *United States v. Grullon*, 545 F.3d 93, 97 (1st Cir. 2008)). In light of the defendant's concession and the authority cited above, Gordon's motion to dismiss (ECF No. 474) is **DENIED**.

### III. Gordon's Motion for a Bill of Particulars (ECF No. 661)

Gordon also moves for permission to request and receive bills of particulars in order to obtain information concerning where he allegedly entered the charged conspiracies; what acts he took in furtherance of them; and the dates and locations of those alleged acts. ECF No. 661 at 1-2. Gordon argues that Count One only informs him of an open-ended "broad time frame" of at least 24 months during which the government will attempt to prove the elements of a conspiracy; and that Count Eight only informs him of a four-month time frame. *Id.* at 4. Gordon also objects that, although the Government has produced a "significant" amount of discovery covering the last few months of the investigation, relatively little discovery exists regarding the earlier months. *Id.* at 5.

Given that the information in Counts One and Eight of the Second Superseding Indictment provide the required "temporal framework" of the alleged conspiracies,

8

and in view of the expansive discovery provided by the Government, I conclude that Gordon will not be "disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause" without the requested bill of particulars. *See Sepulveda*, 15 F.3d at 1192-93.

Gordon also argues that if his motion to suppress wiretap evidence (ECF No. 452) is granted, then most of the discovery that he received from the Government will be inadmissible, and the Government "likely will present a case based largely on earlier actions of which no notice or discovery has been provided." *Id.* He asserts that "[m]odern discovery often does little to illuminate . . . conspiracy allegations." *Id.*

A defendant seeking a bill of particulars must show "actual prejudice." *United States v. Nelson-Rodriguez*, 319 F.3d 12, 31 (1st Cir. 2003). While Gordon's motion addresses the difficulties of defending a conspiracy charge, *see* ECF No. 661 at 2-5, he has not established that he will suffer actual prejudice if his motion is denied, either due to the "broad time frame" of the conspiracy charges or the discovery provided by the Government. *See Paiva*, 892 F.2d at 154-55.

The time period of the drug conspiracy in Count One does not prejudice Gordon even though the start date is open-ended because "[a]n indictment that 'provides a temporal framework' for the charge is sufficient [.]" *United States v. Kinsella,* 380 F. Supp. 2d 7, 10 (D. Me. 2005) (quoting *United States v. Sepulveda*, 15 F.3d 1161, 1192-93 (1st Cir. 2005)). Because Count One informs Gordon of the latest date it claims he joined the drug conspiracy, and informs him of the specific month it claims he stopped, it provides the requisite temporal framework. ECF No. 531. Also, despite Gordon's

objections that it is overly broad, Count Eight specifies a relatively narrow, four-month time period for the money laundering conspiracy, and, therefore, it too provides the requisite temporal framework.

With regard to Gordon's objections to discovery, the Government asserts that it has provided "thousands" of wire and electronic interceptions made pursuant to court authorized wiretaps; affidavits of law enforcement officers, some of which specifically reference Gordon; and bank records and surveillance photographs which relate to Count Eight. ECF No. 684 at 3. None of this information has been suppressed, and therefore Gordon's concern that he would be left to defend a case based on alleged criminal acts for which no discovery was provided is alleviated.

For these reasons, the Motion for a Bill of Particulars is **DENIED.**

## IV. CONCLUSION

Gordon's Motion to Dismiss Counts One and Eight of the Second Superseding Indictment (ECF No. 457); Gordon's Motion to Dismiss the First Superseding Indictment as Untimely In Violation of 18 U.S.C.A. § 3161(b) (ECF No. 474); and Gordon's Motion for Permission to Request and to Receive Bills of Particulars (ECF No. 661) are **DENIED.**

**SO ORDERED.**

This 23rd day of March 2015.

                                              /s/ JON D. LEVY
                                        U.S. DISTRICT JUDGE