UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Crim. No. 2:14-cr-69-JDL-11 |
| PIERRE AZOR, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT PIERRE AZOR'S MOTION TO CHALLENGE JOINDER AND FOR RELIEF FROM PREJUDICIAL JOINDER**

Pierre Azor has moved to challenge joinder pursuant to Federal Rule of Criminal Procedure 8(b). ECF No. 503. He also requests that his case be severed from his co-defendants and that Count Five of the Second Superseding Indictment ("Count Five"), charging that Azor possessed oxycodone with intent to distribute it in violation of 21 U.S.C.A. § 841(a)(1), and aided and abetted the same, in violation of 18 U.S.C.A § 2, be tried separately pursuant to Federal Rule of Criminal Procedure 14(a). ECF No. 531 at 4.

## I. LEGAL ANALYSIS

In March 2014, pursuant to a wiretap order authorized by this Court, agents of the United States Drug Enforcement Agency ("DEA") intercepted numerous telephone conversations between co-defendant Romelly Dastinot and a person identified only as "Cash" in which the two men discussed a scheme to illegally purchase oxycodone pills in Boston, transport them to Maine, and sell them. ECF No. 585 at 2.

The nine counts charged in the Second Superseding Indictment concern a scheme to traffic heroin, cocaine, and oxycodone from Massachusetts to Maine. *See* ECF No. 531. Azor seeks severance of his count for two reasons. First, he contends that the indictment's joinder of him with the other defendants not named in Count Five was improper under Rule 8(b) because no acts, transactions, or series of acts or transactions link him to any defendant other than co-defendant Romelly Dastinot, who is also named in Count Five. He emphasizes that he "played no role in the conspiracy to distribute cocaine and heroin" which is the subject of Count One of the indictment, nor in any of the other offenses detailed in the remaining seven counts. ECF No. 503 at 3. Second, Azor contends that he is entitled to severance under Federal Rule of Criminal Procedure 14(a) because of the prejudice he will experience from the spillover of "the mountain of evidence" that he expects to be presented at trial related to the drug distribution conspiracy count ("Count One"). *Id*. at 4.

Rule 8(b) governs joinder of defendants in cases involving multiple defendants. *See, e.g., United States v. Natanel*, 938 F.2d 302, 306 (1st Cir. 1991). The rule provides that an indictment may charge two or more defendants if they are alleged to have participated in the same act or transaction, or the same series of acts or transactions, that constitute the offense. Fed. R. Crim. P. 8(b). Rule 14(a) provides for relief from prejudicial joinder where the joinder of offenses or defendants in an indictment appears prejudicial. Fed. R. Crim.P. 14(a). The rule authorizes the court to "order separate trials of counts, sever the defendants' trials, or to provide any other relief that justice requires." *Id*.

**A.    Rule 8(b)**

Based on the proffer made by the Government, the proof related to Counts One and Five will involve overlapping evidence and witnesses. ECF No. 585 at 6. The Government cites to evidence that on the day of his arrest, Azor was spotted by investigators exiting co-defendant Carrie Buntrock's car, and that he was the subject of an intercepted telephone call between co-defendants Dastinot and Pierre Dubois,[1] with Dubois indicating that he had interacted with Azor and assisted him in Boston earlier that day. *See* ECF No. 585 at 3. Contrary to Azor's assertion, Count Five is properly joined in a single indictment with Count One because there are acts or a series of acts that could link Azor to Dastinot and two of the other defendants named in Count One. Accordingly, this is a case in which, "under the mandate of the Speedy Trial Act, joinder serves the purposes of economy of resources." *United States v. Edgar,* 82 F.3d 499, 503 (1st Cir. 1996).

**B.    Rule 14(a)**

Federal Rule of Criminal Procedure 14(a) provides that the court may order separate trials of defendants if the joinder of offenses or defendants in an indictment appears to prejudice a defendant or the government. Fed. R. Crim. P. 14(a). The general rule, however, is that defendants who are indicted together are tried together "to prevent inconsistent verdicts and to conserve judicial and prosecutorial resources." *United States v. Appolon*, 695 F.3d 44, 54 (1st Cir. 2012) (quoting *United States v. Soto-Beníquez*, 356 F.3d 1, 29 (1st Cir. 2004)).

---

[1] Dubois pleaded guilty to Count One on June 26, 2014. (ECF No. 277).

Whether to sever trials under Rule 14 "falls within the sound discretion of the district court." *United States v. Matthews*, 856 F. Supp. 2d 229, 234 (D. Me. 2012) (quoting *United States v. Scivola*, 766 F.2d 37, 41 (1st Cir. 1985)). The First Circuit has recognized that "[s]ome prejudice results in almost every trial in which the court tries more than one offense together . . . [g]arden variety prejudice, however, will not, in and of itself, warrant severance." *United States v. Richardson*, 515 F.3d 74, 81 (1st Cir. 2008) (citing *United States v. Burgos*, 254 F.3d 8, 13-14 (1st Cir. 2001)). Instead, a defendant must demonstrate prejudice so pervasive that an unfair trial or a miscarriage of justice looms. *United States v. Trainor*, 477 F.3d 24, 36 (1st Cir. 2007) (quoting *United States v. Levy-Cordero,* 67 F.3d 1002, 1008 (1st Cir.1995)).

Azor claims that in this case "prejudice is apparent in the amount of evidence that the Government has with respect to Mr. Dastinot and the conspiracy," which he asserts "will tend to show that those people connected to Mr. Dastinot are also involved in the selling and distribution of drugs." ECF No. 503 at 5. Azor's claim that the risk that he might be convicted not on the relevant evidence, but on mere association, falls short of establishing a risk of prejudice sufficient to justify separate trials. Although a risk of prejudice from spillover evidence undoubtedly exists in this case, as it does in all cases involving multiples counts and multiple defendants, "[a]dequate safeguards are available to protect against undue prejudice from evidentiary spillover in most cases." *United States v. Welch*, 15 F.3d 1202, 1210 (1st Cir. 1993). The risk of prejudice from the potential spillover of evidence can be minimized by "clear and complete limiting instructions" given to the jury at the close

4

of trial.  *See United States v. Williams*, 809 F.2d 75, 88 (1st Cir. 1986) (citing *United States v. Porter*, 764 F.2d 1, 13 (1st Cir. 1985)).  I see no basis to conclude that the volume or the complexity of the evidence associated with Count One of the indictment would confuse or inflame a reasonable jury, leading it to disregard the court's instructions regarding Count Five.  *See United States v. De La Paz-Rentas*, 613 F.3d 18, 23-24 (1st Cir. 2010).

On the record before me, Azor has not demonstrated that the risk of prejudice from spillover evidence is so great as to justify the severance of Count Five for trial.

## II. CONCLUSION

For the foregoing reasons, Azor's Motion to Challenge Joinder and Request for Relief from Prejudicial Joinder (ECF No. 503) is **DENIED**.

**SO ORDERED.**

This 23rd day of March, 2015.

                                                    /s/ Jon D. Levy
                                            U.S. DISTRICT JUDGE